1  Bruce Isaacs, Esq., SBN 100926
   *bisaacs@wymanisaacs.com*
2  Carol Tenney, Esq., SBN 193813
   *ctenney@wymanisaacs.com*
3  WYMAN & ISAACS LLP
   8840 Wilshire Blvd., Second Floor
4  Beverly Hills, CA  90211
   Tele:  (310) 358-3221
5  Fax:   (310) 358-3224

6  Attorneys for Non-Party
7  MASTER REPLICAS, now known as Corgi International, Ltd.

8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12                          SAN FRANCISCO DIVISION

13

| | | |
|---|---|---|
| LEVITATION ARTS, INC., | ) | Civil Action No.: 3:08-mc-80121 MHP |
| | ) | |
| Plaintiff, | ) | [07-990SS Western District of Texas] |
| | ) | |
| vs. | ) | |
| | ) | **RESPONSE BY THIRD PARTY** |
| FASCINATIONS TOYS & GIFTS, | ) | **MASTER REPLICAS, INC. TO** |
| INC., et al. | ) | **MOTION TO COMPEL** |
| | ) | **DISCOVERY BY FASCINATIONS** |
| Defendants. | ) | **TOYS & GIFTS, INC.** |
| _____ | ) | |
| | ) | |
| | ) | Date:    July 14, 2008 |
| | ) | Time:    2:00 p.m. |
| | ) | The Honorable Marilyn Hall Patel |
| | ) | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Third-Party Master Replicas, Inc. (now known as Corgi International, Ltd.) ("MRI") hereby responds to the motion brought by Fascinations Toys & Gifts, Inc. and ASI Associates, Inc. (collectively herein "Fascinations") to compel MRI to produce documents in response to the subpoena *duces tecum* issued by this court in the above captioned matter.

I.   <u>The Relationship of the Parties and the Actions</u>

MRI entered into a license agreement with Levitation Arts, Inc. ("LAI") on or about June 28, 2006 (the "License Agreement"). Pursuant to the License Agreement, LAI licensed purported technology to MRI (the "Licensed Technology"). MRI is a successful manufacturer of collectible toys. Pursuant to the License Agreement, MRI has the right to develop products which make use of the Licensed Technology (the "Licensed Products").

Fascinations is engaged in patent litigation with LAI in U.S. District Court for the Western District of Texas (the "Texas Action"). The patent-in-suit at issue in the Texas Action is allegedly part of the Licensed Technology licensed to MRI pursuant to the License Agreement.

MRI filed a complaint against LAI in January 2008 which is currently pending in the U.S. District Court for the Central District of California, Southern Division (the "California Action"). MRI's complaint against LAI alleges that LAI committed fraud, made negligent misrepresentations and breached the License Agreement. MRI contends that it was unable to get a Licensed Product to market because of LAI's failure to cooperate and failure to adhere to the License Agreement. In the California Action MRI is seeking, among other relief, rescission of the License Agreement .

Pursuant to the License Agreement, MRI made an advance royalty payment of $180,000 to LAI upon execution of the License Agreement. Also pursuant to the License Agreement, $100,750 of the advance royalty payment was to be used by LAI to purchase from the University of British Columbia the patent which is the patent-in-

1  suit in the Texas Action.  If MRI is successful in its claim for rescission of the
2  License Agreement, appropriate legal remedies include refund of the advance royalty
3  payment made, or if LAI is unable to refund that amount, in the alternative – under a
4  theory of constructive trust, MRI would be able to make a claim of ownership to the
5  patent-in-suit in the Texas Action.

6      II.    <u>The Dispute Over MRI's Response to the Subpoena</u>

7      Prior to the serving of the subpoena LAI had informed MRI of the Texas
8  Action.  The License Agreement contains provisions which address the situation
9  where one or both of the parties to the License Agreement come to believe the
10 Licensed Technology is being infringed.  In the context of LAI's dispute with
11 Fascinations (which occurred after the business relationship between MRI and LAI
12 had already soured), LAI has communicated a two prong message to MRI:

13     (1)    That MRI has not and is not doing enough to support LAI in its
14 dispute with Fascinations and LAI maintains that this alleged failure puts MRI in
15 breach of the License Agreement; and

16     (2)    That MRI is precluded from responding to the subpoena served on
17 it by Fascinations and that if MRI does comply with the subpoena that MRI will be in
18 (further) breach of the License Agreement.

19     MRI does not agree with LAI's interpretation of the terms of the License
20 Agreement.  Section 7.5 of the License Agreement states:

21-25 
> In any suit that either party may be involved in relating to the Patent Rights, the other party hereto shall cooperate fully, and upon payment of the expense by the requesting party, in all respects and to the extent possible make available to the party involved in the suit, at reasonable times and under appropriate conditions all relevant personnel, records, papers, information, samples, specimens, and the like in its possession.

27     Fascinations served a subpoena *duces tecum* on MRI on or about May 5, 2008.
28 MRI served Fascinations with certain objections to the document requests in the

subpoena. Fascinations and MRI then met and conferred regarding MRI's objections and Fascinations and MRI came to an agreement on the issues which led MRI to lodge the objections. But MRI also informed Fascinations about LAI's position outlined above. Shortly thereafter, Fascinations filed its motion to compel response to the subpoena with the court.

A review of the docket in the Texas Action reveals that LAI has now brought a motion for protective order in the Texas District Court asking the Texas District Court to prevent Fascinations from seeking and obtaining the documents requested by the subpoena. As of the filing of this response, the Texas District Court has not yet ruled on that motion.

LAI has also filed with this court its opposition to Fascination's motion to compel. LAI asks this court to transfer Fascination's motion to compel to the Texas court where the Texas Action is pending. MRI has no connection to the Texas court. MRI is located in California and its attorneys are located in California. MRI's lawsuit against LAI is located in California. In fact, the License Agreement entered into by MRI and LAI specifies that the parties consent to the exclusive jurisdiction of the federal and state courts of California. MRI urges this court to retain jurisdiction of all matters relating to Fascination's motion to compel production pursuant to Fascinations' subpoena and any other matters related to that subpoena.

LAI's opposition papers contain the statement that in MRI has "denied the allegation that there are trade secrets." This statement by LAI is inaccurate. LAI's counterclaim makes certain allegations in regard to two e-mails attached to MRI's complaint as exhibits. LAI alleges in its counterclaim that the two e-mails are confidential because the Sherlocks labeled the e-mails "confidential." The two e-mails in question only contain the Sherlocks' arguments vis a vis their legal position against MRI and in the process of making those arguments the Sherlocks admit that the Licensed Technology does not work sufficiently well enough so as to enable MRI to develop Licensed Products.

MRI has never denied the existence of trade secrets within the documents that MRI possesses from the attempt to develop Licensed Products with the Licensed Technology. Unfortunately the Sherlocks are in the habit of labeling virtually everything "confidential." If this court orders MRI to comply with the subpoena, MRI will exercise all due diligence in the labeling of confidential information and trade secrets prior to producing all non-privileged and relevant documents.

III.   There are Protective Orders and Confidentiality Agreements in Both Actions

A stipulated protective order was entered in the Texas Action (the "Texas Protective Order"). Pursuant to the Texas Protective Order, third parties like MRI may designate documents as "Confidential" and "Counsel Only."

A stipulated protective order has been filed in the California Action which has been signed by LAI and MRI and is currently under consideration by the court in the California Action (the "California Protective Order"). The stipulated protective order in the California Action allows the parties to the California Action – and third parties, to designate documents as "Confidential" and "Confidential – Attorneys Eyes Only."

The License Agreement contains an article regarding "Confidentiality Information" – Article XI.

In sum, there are three separate confidentiality agreements which offer protection for any confidential information which may need to be disclosed in the course of the two pending actions – and the potentially confidential information that is being sought or will be sought is all of the same type. At issue in both the Texas Action and the California action is the Licensed Technology that LAI represented to MRI as being appropriate for development into collectible toys but which was never successfully developed into any marketable product because of LAI's breaches and failure cooperate. The California Action will determine if LAI's and/or the technology itself is at fault for that failure, as MRI alleges, or if MRI is at fault, as LAI alleges.

It is simply not possible for LAI to credibly maintain that the documents sought by Fascinations are not relevant to the Texas Action. It is also not possible for LAI to force MRI to take a position that the Licensed Technology functions sufficiently well so as to be employed in the production of marketable toys or that LAI properly complied with the License Agreement when MRI does not believe that to be true.

The interrelationship of the Texas Action and the California Action is undeniable. In fact, MRI anticipates seeking discovery from Fascinations as a third party in the California Action. The legal theories Fascinations has espoused in the Texas Action appear to support and bolster the legal theories MRI has employed in the California Action.

IV. Conclusion

MRI does not oppose Fascinations' motion to compel production of documents as it appears that Fascinations has served a valid subpoena and is seeking only non-privileged and relevant information (and Fascinations has agreed to withdraw requests for MRI's marketing plans, etc.). MRI respectfully requests that this court retain jurisdiction over this issue and issue an order which will prevent LAI from later alleging that MRI has breached the License Agreement by complying with an apparently valid subpoena.

Dated: June 26, 2008           WYMAN & ISAACS LLP


                   By:   /s/ Carol Tenney
                         Bruce Isaacs, Esq.
                         Carol Tenney, Esq.
                         Attorneys for
                         MASTER REPLICAS, INC. (non known as
                         Corgi International Ltd.)

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8840 Wilshire Blvd., Second Floor, Beverly Hills, CA  90211.

  On June 26, 2008, I served the document described as **"RESPONSE BY THIRD PARTY MASTER REPLICAS, INC. TO MOTION TO COMPEL DISCOVERY BY FASCINATIONS TOYS & GIFTS, INC."** upon the interested parties in this action in a sealed envelope addressed as follows:

**SEE ATTACHED PROOF OF SERVICE**

 ___ (**By Mail**) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

 ___ (**By Overnight Delivery**) I deposited this document in the box or other facility located at 8840 Wilshire Blvd., Second Floor, Beverly Hills, CA  90211 regularly maintained by Federal Express, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

 _X_ (**By Facsimile Transmission**) I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown above.

 _X_ (**By E-Mail – PDF Format**) I caused the foregoing document to be served by e-mail transmission, in PDF Format, to each of the interested parties at the e-mail address shown above.

Executed on June 26, 2008, at Beverly Hills, California.

 ___ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 _X_ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

              *Lina Pearmain*
              LINA PEARMAIN

**ATTACHED PROOF OF SERVICE**

David Allen Lowe, Esq.  
Black Lowe & Graham  
701 Fifth Avenue  
Suite 4800  
Seattle, WA  98104  
Email:  lowe@blacklaw.com

Dale Curtis Campbell, Esq.  
Weintraub Genshlea Chediak  
400 Captiol Mall  
11th Floor  
Sacramento, Ca  95814  
Email:  dcampbell@weintraub.com

Paul Adams, Esq.  
THE ADAMS LAW FIRM  
901 Rio Grande Blvd., N.W., Suite H262  
Albuquerque, NM 87104  
**Fax:  (505) 222-3147**  
E-mail:  adamspatentlaw@gmail.com