Dale C. Campbell (State Bar No. 99173)
  dcampbell@weintraub.com
Weintraub Genshlea Chediak
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
T: 916.558.6000
F: 916.446.1611

David A. Lowe (admitted *pro hac vice*)
  lowe@blacklaw.com
BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LEVITATION ARTS, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>FASCINATIONS TOYS & GIFTS, INC., a Washington corporation, and ASI ASSOCIATES, INC. d/b/a ARBOR SCIENTIFIC, a Michigan corporation; SIMERLAB INTERNATIONAL LTD., a Hong Kong limited liability company,<br><br>Defendants. | Civil Action No. 08-80121MHP<br><br>[07-990SS Western District of Texas]<br><br>ERRATA |

On June 30, 2008, Defendant Fascinations filed its reply to the pending motion to compel discovery which contained some inadvertent typos, including the following: on page 7, line 1 the proper reading should be "By LAI's own admission…" rather than "By MRI's own admission…"; and on page 8, lines 5-6 the proper reading should be "MRI would do so but for

ERRATA - 1
Civil Action No. 08-80121MHP
FASC-6-1001P07PCP

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1  threats by LAI of further legal action." rather than "MRI would do so but for threats by
2  Fascinations of further legal action…."
3      Attached hereto as Exhibit A is the corrected Reply In Support of Motion to Compel
4  Discovery. Fascinations respectfully requests that this corrected reply be substituted in place of
5  Fascinations' Reply in Support of Motion to Compel (Dkt.# 9).
6      RESPECTFULLY SUBMITTED this 2nd day of July, 2008.

    David A. Lowe (WSBA No. 24,453)
     (admitted *pro hac vice*)
    BLACK LOWE & GRAHAM$^{PLLC}$
    701 Fifth Avenue, Suite 4800
    Seattle, WA 98104
    T: 206.381.3300
    F: 206.381.3301

    Dale C. Campbell (State Bar No. 99173)
     dcampbell@weintraub.com
    Weintraub Genshlea Chediak
    400 Capitol Mall, 11th Floor
    Sacramento, CA 95814
    T: 916.558.6000
    F: 916.446.1611

    Attorneys for Defendants

ERRATA - 2
Civil Action No. 08-80121MHP
FASC-6-1001P07PCP

BLACK LOWE & GRAHAM $^{PLLC}$
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

I certify that on July 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

>Bruce A. Isaacs, Esq.
>W<span>YMAN</span> & I<span>SAACS</span>, LLP
>8840 Wilshire Blvd., Second Floor
>Beverly Hills, CA 90211
>Facsimile No. 310.358.3224

And served via U.S. Mail addressed as follows:

>Paul Adams, Esq.
>T<span>HE</span> A<span>DAMS</span> L<span>AW</span> F<span>IRM</span>$^{LLC}$
>901 Rio Grande Boulevard, NW
>Building H, Suite 262
>Albuquerque, NM 87104
>Facsimile No. 505.222.3145

>  _s/ Sarah Gist_

ERRATA - 3
Civil Action No. 08-80121MHP
FASC-6-1001P07PCP

BLACK LOWE & GRAHAM $^{PLLC}$
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**EXHIBIT A**

Dale C. Campbell (State Bar No. 99173)
    dcampbell@weintraub.com
Weintraub Genshlea Chediak
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
T: 916.558.6000
F: 916.446.1611

David A. Lowe (admitted *pro hac vice*)
    lowe@blacklaw.com
BLACK LOWE & GRAHAM^PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LEVITATION ARTS, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>FASCINATIONS TOYS & GIFTS, INC., a Washington corporation, and ASI ASSOCIATES, INC. d/b/a ARBOR SCIENTIFIC, a Michigan corporation; SIMERLAB INTERNATIONAL LTD., a Hong Kong limited liability company,<br><br>Defendants. | Civil Action No. 08-80121MHP<br><br>[07-990SS Western District of Texas]<br><br>REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY |

## INTRODUCTION

Plaintiff LAI's "request" to transfer Defendant Fascinations' pending motion to the Texas Court is both technically and substantively improper. LAI failed to note a motion to transfer pursuant to LR 7-2. In addition, transfer would violate 28 U.S.C. § 1404, which mandates that an

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 1
Civil Action No. 08-80121MHP
FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM^PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

action can only be transferred to a district where it could have been brought, which for a Rule 45 subpoena to local company MRI is the Northern District of California, not Texas.

LAI likewise utterly fails to provide a substantive basis for its threats against MRI that are preventing MRI from fulfilling the subpoena requirements. The fact that discovery requests directed to LAI in the Texas Action may potentially return similar documents in no way precludes Fascinations from seeking similar categories of documents from nonparty MRI.[1] LAI fails to prove that the documents sought do not meet the extremely low threshold for relevant discovery, and MRI itself believes that the documents are highly relevant to the Texas Action. Finally, LAI's claimed "greatest concern" relating to the confidentiality of documents is not a valid concern whatsoever. As stated by nonparty MRI in its response (Dkt. #8), there are multiple protective orders and confidentiality agreements in the actions that provide adequate protection for confidentiality concerns, and MRI has confirmed that it will "exercise all due diligence in the labeling of confidential information and trade secrets prior to producing all non-privileged and relevant documents."

Accordingly, Fascinations respectfully move this Court for an order compelling MRI to produce documents in response to the *subpoena duces tecum* duly issued by the U.S. District Court for the Northern District of California.

**A.   TRANSFER OF THIS ACTION TO THE TEXAS COURT IS NOT WARRANTED**

LR 7-2(a) requires that:

> [e]xcept as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion.

---

[1] LAI takes Fascinations' comment regarding discovery out of context. Fascinations stated "[t]here is absolutely no limitation on a party's ability to seek discovery—even potentially overlapping discovery—from multiple sources from both parties and nonparties" in response to LAI's baseless assertion that it was improper to seek discovery from nonparty MRI simply because it may overlap with discovery sought from but refused to be produced by LAI.

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 2
Civil Action No. 08-80121MHP
FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Ignoring this and other requirements of LR 7, LAI "requests" the Court in its opposition to transfer this action. LAI's thinly veiled motion is inappropriately presented and noted and should be denied on that basis alone.

Under Fed. R. Civ. P. 45(a)(2), "[i]f separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Disputes over discovery from a nonparty should be decided by the court which issued the subpoena *unless the nonparty consents that the matter be resolved by a court in another district*. See Rule 45(c)(2)(B) ("If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.") (emphasis added); *see also In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998) (district courts have no inherent authority to transfer nonparty discovery disputes under Rule 45 in violation of 100 mile limit to court having no jurisdiction over subpoenaed nonparty); *In re Welding Rod Prods. Liab. Litig.*, 406 F. Supp. 2d 1064, 1065-1066 (N.D. Cal. 2005); *In re Texas International Co.*, 97 B.R. 582, 588 (Bankr. C.D. Cal. 1989); *Clausnitzer v. Fed. Express Corp.*, 2007 U.S. Dist. LEXIS 61699 (N.D. Ga. 2007) (court may not, over nonparty's objection, transfer Rule 45 motion); *Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) (stating that transfers are "not possible when the issue involves a non-party who has not expressly or implicitly consented to such a transfer"); 9-45 *Moore's Federal Practice* § 45.50 (2008).

MRI is located in the Northern District of California. LAI has failed to submit any evidence supporting the jurisdiction of the Texas Court over MRI for purposes of this subpoena issue. Moreover, MRI has specifically objected to the transfer of this subpoena action to Texas and would be highly prejudiced if it were forced to defend its position in that court.

Accordingly, LAI's "request" to transfer this action to the Texas Court should be denied.

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 3
Civil Action No. 08-80121MHP
FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

B.   **FASCINATIONS' SUBPOENA MEETS THE LIBERAL STANDARD OF DISCOVERY RELEVANCE**

Rule 26(b) mandates that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "Relevant evidence" is broadly defined in Fed. R. Evid. 401 as:

> evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

(emphasis added); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (information is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."); The clear mandate is that relevance must be broadly construed. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979); *Schlagenhauf v. Holder*, 379 U.S. 104, 121, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964) ("[t]he Federal Rules of Civil Procedure should be liberally construed").

A determination of relevance implicates the substantive law of patent validity and infringement and, therefore, courts look to Federal Circuit rather than regional circuit law in assessing relevance. *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987). Particularly where there is no demonstrable burden, as in this case, broad discovery is allowed. Even where relevance is in doubt, the rule indicates that the court should be permissive. *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, at 931 (Fed. Cir. 1986). Among the wide range of topics specifically held to meet this very low discovery threshold are:

- ***Licensing arrangements***. *E.g., Components, Inc. v. Western Elec. Co.*, 52 F.R.D. 379, 382 (D. Me. 1971) (information regarding licensing agreements may contain statements of owner of patent-in-suit concerning interpretation of claims, which would be relevant to coverage and infringement issues); *Schenectady Chem., Inc. v. General Elec. Co.*, 19 Fed. R. Serv. 2d 1132, 1133 (N.D.N.Y. 1975)

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 4
Civil Action No. 08-80121MHP

FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(information regarding licensing agreements and applications for foreign patents relevant to assessment of limits of patent claims).

- ***Noninfringement information***. *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 582 (7th Cir. 1981) (in chemical patent infringement suit, patent owner's test results indicating chemical composition of alleged infringer's product not only relevant, but essential to infringement claim); *Nat'l Dairy Prod. Corp. v. L. D. Schreiber & Co.*, 61 F.R.D. 581, 582 (E.D. Wis. 1973) (defendant permitted to inspect patent owner's plant because inspection might reveal patent owner does not practice invention protected by patent; such information would result in narrow construction of patent's claims and increased potential that defendant did not infringe patent).

- ***Commercial development and embodiments***. *Dow Corning Corp. v. Surgitek, Inc.*, 61 F.R.D. 578, 581 (E.D. Wis. 1973) (in action for infringement of patent on breast prosthesis using particular mesh, defendant entitled to discover information about all prostheses patentee manufactured using that mesh because such information might reveal entire patented arrangement was obvious to persons skilled in relevant art and patent was, therefore, invalid).

- ***Enablement; i.e., facts relating to failure to teach claims***. *Scoville Mfg Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 601-602 (D. Del. 1973) (when alleged infringer claims patent is invalid because it does not teach necessary facts about invention, patentee is entitled to discover specific information concerning identity of drawings and descriptions alleged infringer contends are indefinite and inadequate, and identity of documentary support for such contentions).

- ***Secondary considerations such as commercial success for validity and damages.*** *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *Truswal Systems*, 813 F.2d at 1212; *Struthers Scientific & Int'l Corp. v. General Foods Corp.*, 45 F.R.D. 375, 380-381 (S.D. Tex. 1968) ("long-standing rule is that commercial success may be considered in determining the validity of a patent;" discovery of sales information and of data relating to imports and exports of products made by patented process is appropriate because such information is indicative of commercial success of patented device or process and is, accordingly, proper).

Fascinations' subpoena to MRI seeks documents related to the design, development, testing, manufacture and production of any levitation devices and specifically devices related to the '183 patent, either by LAI or MRI. Given that LAI claims to have entered into a license agreement with MRI specifically to design, develop, manufacture and produce levitation products ostensibly based on the '183 patent, Fascinations sought communications between LAI and MRI. Documents and information responsive to these requests meet the very low threshold

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 5
Civil Action No. 08-80121MHP
FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

for relevance to the claims or defenses in this action, for example, patent enablement, validity and damages.

By way of one example, consider an issue in this case that demonstrates the relevance of the documents sought in Fascinations' subpoena to MRI. Under the enablement requirement, a patent is invalid where the written description fails to teach those in the art to ***make and use the invention as broadly as it is claimed without undue experimentation***. 35 U.S.C. § 112 (emphasis added); *In re Cortright*, 165 F.3d 1353, 1356 (Fed. Cir. 1999); *In re Cescon*, 474 F.2d 1331, 1335 (C.C.P.A. 1973). The fact that neither LAI, its ostensible licensee MRI, the listed inventors of the '183 patent, nor anyone else has been able to make and use a levitation device corresponding to the scope of the claims *in the past 15 years* is extremely telling—there is simply no invention disclosed or enabled in the '183 patent. What could be more relevant to the enablement question and '183 patent invalidity than the communications between LAI and MRI evidencing, for example, (1) failed attempts to make and use a levitating device based on the '183 patent, (2) information (if any) besides the '183 patent that LAI provided to MRI in an effort to make and use such a device, and (3) design or development information MRI may have originated related to similar efforts?

LAI disputes that it has failed to enable the '183 patent. Nevertheless, allowing for a difference of opinion on that question alone, Fascinations submits that the Court is in no position at this time to determine conclusively whether the '183 patent is enabled. Because LAI has refused to produce documents and is in this court interfering with Fascinations' nonparty discovery, Fascinations has had no opportunity to obtain evidence "having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Consider yet a second issue, the existence of noninfringing alternatives, which again demonstrates the relevance of discovery sought. LAI has argued that it provided MRI with technology that is separate and apart from the technology that has been disclosed in the

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 6
Civil Action No. 08-80121MHP
FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

'183 patent. By LAI's own admission, the documents sought in Fascinations' subpoena to MRI may reflect noninfringing alternatives of which Fascinations is entitled to discover.

Consider yet a third example demonstrating the relevance of another category of the production sought, namely, information related to market analysis, cost and license information. Fascinations is entitled to discovery related to either a lost profits analysis or a reasonable royalty theory LAI may advance.

### C. CONFIDENTIALITY CONCERNS ARE ADEQUATELY ADDRESSED WITH EXISTING PROTECTIVE ORDERS

LAI argues that its "greatest concern" relates to confidentiality, and that such concern should preclude production pursuant Fascinations' subpoena. Yet LAI has provided absolutely no evidence that the documents sought in the MRI subpoena contains trade secrets and confidential information. LAI has failed to come forward with declarations or evidence to support its claims, relying instead solely on the statements of counsel. Arguments of counsel are not evidence. *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). Neither Fascinations nor the Court has the ability to ascertain whether the documents in fact contain trade secrets and confidential information.

Even assuming, however, that LAI was able to meet this proof burden, ***there can be no colorable trade secret or confidentiality concerns given the existence of the protective orders existing in both the Texas and California Actions.*** The normal and expected reluctance of business firms to disclose product information is an insufficient basis on which to deny discovery under appropriate protection from divulgement to competitors, which is provided by the protective orders entered in the cases. LAI has not and cannot demonstrate how these existing protective orders—which specifically allow documents to be designated as for counsel only—are deficient or otherwise fail to provide adequate protection to the extent the requested documents in fact include trade secrets or confidential information. It is not enough for LAI to argue vaguely that despite the protective orders the information may still be disclosed. Courts will not

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 7
Civil Action No. 08-80121MHP
FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

assume that counsel will breach the duty of an officer of the court by disclosing information in violation of a protective order. *Truswal Systems*, 813 F.2d at 1211.

## CONCLUSION

MRI believes that the documents sought by Fascinations are highly relevant and that it should produce them in response to Fascinations' duly issued subpoena. MRI would do so but for the threats by LAI of further legal action against it should MRI respond as required by law. Faced with this threat, MRI had no choice but to invite and await Fascinations' motion to compel in the Northern District of California, and as demonstrated by its response does not oppose it. Moreover, MRI is willing to produce documents consistent with both the Texas Action and California Action protective orders, thereby preempting any argument by LAI based on confidentiality concerns.

Accordingly, Fascinations respectfully requests that this Court issue an Order compelling MRI to produce nonprivileged documents responsive to the requests set forth in the May 5, 2008 subpoena.

RESPECTFULLY SUBMITTED this 30th day of June, 2008.

David A. Lowe (WSBA No. 24,453)
   (admitted *pro hac vice*)
BLACK LOWE & GRAHAM$^{PLLC}$
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Dale C. Campbell (State Bar No. 99173)
   dcampbell@weintraub.com
Weintraub Genshlea Chediak
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
T: 916.558.6000
F: 916.446.1611

Attorneys for Defendants

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 8
Civil Action No. 08-80121MHP
FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM $^{PLLC}$
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

I certify that on June 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

> Bruce A. Isaacs, Esq.
> WYMAN & ISAACS, LLP
> 8840 Wilshire Blvd., Second Floor
> Beverly Hills, CA 90211
> Facsimile No. 310.358.3224

And served via U.S. Mail addressed as follows:

> Paul Adams, Esq.
> THE ADAMS LAW FIRM$^{LLC}$
> 901 Rio Grande Boulevard, NW
> Building H, Suite 262
> Albuquerque, NM 87104
> Facsimile No. 505.222.3145

                                             _s/ Sarah Gist_

REPLY IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 9

Civil Action No. 08-80121MHP

FASC-6-1001P06RPLYMC

BLACK LOWE & GRAHAM $^{PLLC}$

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301