UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVITATION ARTS, INC., | **No. C 08-MISC-80121 MHP (WDB)** |
| Plaintiff, | **ORDER FOLLOWING AUGUST 27, 2008, HEARING** |
| v. | |
| FASCINATIONS TOYS & GIFTS, INC., et al. | |
| Defendants. | |
| _____/ | |

On August 27, 2008, the Court heard oral argument in connection with Defendants' Motion to Compel Non-Party Master Replicas, Inc., aka Corgi International Ltd. ("MRI"), to produce documents related to a patent infringement action currently pending in the Western District of Texas in response to a *subpoena duces tecum* issued by this Court. Having considered the briefs and arguments of the parties, the Court ruled from the bench and Ordered as follows:

Preliminarily, the Court DECLINED to purport to transfer jurisdiction over this discovery dispute to the Western District of Texas for the reasons set forth in *In re Sealed Case*, 141 F.3d 337(D.C. Cir. 1998), and notes with emphasis that the affected non-party here has not expressed a preference for the Texas court, nor has it agreed to submit to that court's jurisdiction.

Accordingly, having reached the merits of the Motion, the Court GRANTS, for the most part, Defendants' Motion to compel and ORDERS MRI to respond to the subpoena issued by this Court, as limited in the following two respects:

1  (1) For the time being, ALL documents that MRI produces in response to the subpoena are hereby designated "for attorneys' eyes only," within the meaning of that phrase in the Protective Order filed in the action that is pending in the Western District of Texas; and

(2) The scope of documents that MRI must produce in response to the subpoena includes documents related to United States Patent No. 5,168,183 (the '183 patent),[1] or related to the relationship between the parties (i.e., Levitation Arts and MRI) about the '183 patent, and about the products that the '183 patent might embrace, and documents related to communications or the design or development work of closely related technology.

In deciding whether to produce documents responsive to the subpoena as limited above, MRI must resolve doubts about relevance in favor of production, unless doing so would impose an unreasonable burden. The limitation that all documents produced will be for "attorneys' eyes only" makes the resolution of doubt in this direction appropriate.

The Court ORDERS Mr. David Lowe, counsel for Defendants, promptly to contact counsel for MRI, and to ask counsel for MRI to write a letter to Mr. Lowe with a copy to Mr. Adams (counsel for Plaintiff), identifying a deadline by which MRI can reasonably respond to the subpoena, as limited by the Court's orders above. Unless, by subsequent Order, the Court finds that MRI's suggested deadline is patently unreasonable, the date set forth in MRI's letter will be the presumed deadline by which MRI must produce the documents.

IT IS SO ORDERED.

Dated: August 27, 2008

WAYNE D. BRAZIL
United States Magistrate Judge

---

[1] The documents do <u>not</u> need explicitly to mention the '183 patent.

2